UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-cr-55 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| CALVIN BUFFINGTON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Calvin Buffington has been accused of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1). On October 16, 2025, Mr. Buffington filed a motion to dismiss his indictment on the grounds that the law is unconstitutional under the Second Amendment, as interpreted by the Supreme Court in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). For the following reasons, the Court denies Mr. Buffington's motion.

**BACKGROUND**

Mr. Buffington is a long-time resident of the Chicago, IL area. Since at least 1993, Mr. Buffington has had several encounters with the criminal justice system. In 2009 he pled guilty to distributing, possessing with intent to distribute, and conspiring to possess with intent to distribute significant quantities of cocaine and heroin, as well as to possession of a firearm in furtherance of these drug trafficking offenses. He was sentenced to almost 20 years' imprisonment. On July 7, 2021, Mr. Buffington was granted relief under the First Step Act, and he was resentenced to time served, plus 60 additional months of supervised release.

Today, Mr. Buffington stands accused of illegally possessing two firearms in violation of 18 U.S.C. § 922(g)(1), which criminalizes the possession of a firearm by those previously convicted of a

felony offense. The Government alleges that, on October 13, 2022, during Mr. Buffington's supervised release, he was pulled over by the police in Orland Park, IL. The police allegedly discovered two pistols in Mr. Buffington's possession.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. See *United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. See *United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008)

## DISCUSSION

In June 2022, the Supreme Court announced *Bruen* and created a new test for determining whether firearm restrictions are constitutional. First, courts must determine whether the "Second Amendment's plain text covers an individual's conduct." *Bruen*, 554 U.S. at 24. If so, then the conduct is presumptively constitutional, and the restriction can only be permitted if "it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

The Supreme Court has not yet considered whether § 922(g)(1) remains constitutional, although it has ruled that a related provision within the same statute passes *Bruen*'s new test. *United States v. Rahimi*, 602 U.S. 680 (2024) (upholding statute disarming a person subject to a domestic violence restraining order that, among other things, finds that the person "represents a credible threat to the physical safety" of an intimate partner or child). There, the Supreme Court found that "our

Nation's firearm laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms" since the founding of the country. *Id.* at 690.

Mr. Buffington argues that § 922(g)(1) is unconstitutional, both facially and as applied specifically to him. However, this Court has previously held that the Seventh Circuit has foreclosed facial challenges to the constitutionality of the statute with its statement in *United States v. Gay* that arguments against validity of § 922(g)(1) are "hard to square" with "longstanding prohibitions on the possession of firearms by felons." 98 F.4th 843, 846 (7th Cir. 2024); *see Cade v. United States*, No. 24-CV-2804, 2025 WL 3215776, at *3 (N.D. Ill. Nov. 18, 2025) (Coleman, J.). Even prior to *Gay*, this Court ruled repeatedly that, although the plain text of the Second Amendment covers the conduct of felons in possession of firearms, section 922(g)(1) is consistent with this country's historical tradition of firearm regulation and is therefore facially constitutional. *See United States v. Vaughns*, No. 22-CR-00636, 2023 WL 8258575 (N.D. Ill. Nov. 29, 2023) (Coleman, J.); *United States v. Washington*, No. 23-CR-00274, 2023 WL 8258654 (N.D. Ill. Nov. 29, 2023) (Coleman, J.); *United States v. Griffin*, 704 F. Supp. 3d 851 (N.D. Ill. 2023) (Coleman, J.); *United States v. Hudson*, No. 21-CR-00576, 2024 WL 68327 (N.D. Ill. Jan. 5, 2024) (Coleman, J.); *United States v. Foster*, No. 20-CR-00272, 2024 WL 263066 (N.D. Ill. Jan. 24, 2024) (Coleman, J.). The Court adopts and incorporates the reasoning of those opinions; it sees no need to revisit its prior holdings based on Mr. Buffington's arguments, which are essentially the same as those presented in previous cases.[1]

---

[1] The Court has also previously criticized the Government for appealing to "this country's sad history of legal discrimination," such as slavery, Native American subjugation, and discrimination against religious minorities, to show that § 922(g)(1) is constitutional. *See, e.g., Cade*, 2025 WL 3215776 at *4; *Griffin*, 704 F. Supp. 3d at 859–60. As the Court has previously explained, such examples are not only morally but also legally deficient, because a plainly unconstitutional law (even if not understood as such at the time) cannot reasonably be used to establish the constitutionality of a supposedly analogous law. The Court is pleased to observe that, in comparison to briefs it has submitted in other cases, the Government's brief for this motion significantly scales back the degree to which such examples are cited. *See* dkt. 107, *14–18. When submitting briefs in the future, the Court encourages the Government to take the next logical step and omit such arguments entirely.

However, the Court has also previously ruled that *Gay* "left the door open for as-applied challenges to the law."[2] *Cade*, 2025 WL 3215776 at *3 (citing *Gay*, 98 F.4th at 846). Across multiple cases, this Court has concluded that § 922(g)(1) is unconstitutional under *Bruen* when applied to a person whose criminal record does not display a significant danger of violent activity. *Griffin*, 704 F.Supp.3d at 856–57, 862–63 ("The historical record supports a finding that legislatures categorically disarmed individuals who they feared would disregard the law and disturb the social order. The Court finds that a historical rationale exists for disarmament based on perceived danger."); *see also Rahimi*, 602 U.S. at 690. In particular, the Court has held that the use of a weapon in previous criminal offenses is a significant indication that a person possessing a firearm would pose a danger to the community. *Compare Hudson*, 2024 WL 68327 at *2 (defendant's record of armed robbery "more than supports a finding of dangerousness"); *and Foster*, 2024 WL 263066 at *2 (similar); *with Griffin*, 704 F. Supp. 3d at 863 (defendant's record, which did not include any conviction involving the use of a weapon, did not support a finding that he posed such a danger to the community that he should be deprived of his Second Amendment rights).

Here, as noted above, Mr. Buffington's record shows that his previous felony conviction involved the use of a weapon. That is sufficient to support a finding that allowing him to possess a firearm would pose a significant danger to the community, to Mr. Buffington's friends and family, and potentially even to himself. Section 922(g)(1) is therefore constitutional as applied to Mr. Buffington. The Court denies his motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Buffington's motion to dismiss [103].

---

[2] The Government correctly notes that Mr. Buffington did not raise an as-applied argument in his initial brief. Dkt. 107, *29. However, Mr. Buffington does briefly raise the argument in his Reply brief. Dkt. 108, *27. Although Mr. Buffington likely forfeited the argument, the Court will briefly explain why it would reject the argument even if it had been properly raised.

**IT IS SO ORDERED.**

Date: 1/13/2026

Entered: ______________________________
SHARON JOHNSON COLEMAN
United States District Judge